# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES G. CUSIC, III,
          Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
          Agency.

DOCKET NUMBER
DE-0752-14-0385-I-1

DATE: March 9, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Eloise R. Stripling</u>, Lackland Air Force Base, Texas, for the appellant.

<u>Charles R. Vaith</u>, Esquire, Randolph Air Force Base, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    Between 2007 and the time of the action under appeal, the appellant encumbered the positon of Training Instructor (Pararescue), GS-11, at Kirkland Air Force Base. Initial Appeal File (IAF), Tab 5 at 70-77. He was responsible for providing Pararescue (PJ) training and Combat Rescue Officer (CRO) training, *id.* at 71, and, in connection therewith, was required to successfully maintain training requirements for the position. *Id.* at 76. To teach a course, instructors were required to have a teaching qualification (TQ), or be teaching qualified (TQ'd) in the course by passing all measurements and conducting a qualification evaluation in a given block of instruction. *Id.* at 93. The PJ course and the CRO course shared a number of specific training blocks, but the CRO course also included a Ground Force Commander Training block.

¶3    Early in 2013, based on concerns regarding the appellant's subject matter knowledge, his supervisor reviewed the database for evaluations and testing and discovered that the appellant had failed a CRO evaluation in 2009. Hearing Transcript (HT) II at 140-46 (testimony of the appellant's supervisor). Although the appellant had passed several reevaluations, the supervisor was advised by the

Instructional Supervisor who had administered the reevaluations that they did not accurately reflect the appellant's performance. For that reason, and based on concerns expressed by students about the appellant's teaching skills, *id.*, he was reassigned from teaching the CRO course to performing other duties. HT II at 20-23 (testimony of Chief Instructor), 139 (testimony of the appellant's supervisor). Subsequently, the Squadron Commander directed that the appellant be remediated back into the CRO instruction block. HT II at 240 (testimony of the deciding official); HT I at 18 (testimony of CRO Instructor Supervisor). After several months of remediation, the appellant was required to perform his qualification evaluation, a mock lesson of four specific measurements[3] under the Ground Force Commander Training block. He failed to successfully perform these measurements. IAF, Tab 5 at 57-58; HT I at 66-67 (testimony of CRO Instructor Supervisor). A few days later, the appellant again attempted the same qualification evaluation and again failed all four measurements. IAF, Tab 5 at 46-47; HT I at 67 (testimony of CRO Instructor Supervisor). The Chief Instructor notified the appellant of the results and of his recommendation that the appellant's remediation be discontinued. IAF, Tab 5 at 40. Thereafter, on March 24, 2014, based on the unsuccessful results of these two qualification evaluations, the agency proposed the appellant's removal due to his failure to maintain his TQ, a condition of his employment. *Id.* at 31-34. The agency issued a decision letter on May 1, 2014, *id.* at 13-15, and effected the action that same day. *Id.* at 12.

¶4    On appeal, the appellant did not dispute that he failed both evaluations. HT I at 67, 71 (exchange during testimony of CRO Instructor Supervisor). The appellant argued, however, that being TQ'd in a CRO block of instruction is not a

---

[3] The four measurements were (a) perform visual signals, (c) use execution checklist and brevity codes, (d) perform communications phraseology, and (g) use inter-team radios. IAF, Tab 5 at 57-58.

requirement of his position, that he was hired as a PJ instructor and was TQ'd in PJ courses, that he was not allowed a sufficient amount of time to prepare for the evaluations, and that the agency was required to, but did not, place him on a performance improvement plan (PIP). IAF, Tab 1at 6. He also alleged that the agency's action was retaliatory based on his having filed several grievances. *Id.* He requested a hearing. *Id.* at 2.

¶5      Thereafter, the administrative judge issued an initial decision, IAF, Tab 30, Initial Decision (ID), in which he found the charge sustained in that the agency showed by preponderant evidence that being TQ'd in the CRO course was a condition of the appellant's appointment, that he was provided a reasonable amount of time to become TQ'd in the Ground Force Commander Training block, and that, because he failed the certification at least twice, the agency acted reasonably in not recertifying him for his teaching position. ID at 10-15. The administrative judge further found that the agency established that a nexus existed between the sustained charge and the efficiency of the service. ID at 15.

¶6      The administrative judge then addressed the appellant's affirmative defense that the agency's action was in retaliation for his having filed several grievances. The administrative judge found that it was undisputed that the appellant had engaged in protected union activity, ID at 16, but that he had provided no evidence to support his assertion that he was removed because of his union activity or that his union activity played any role whatsoever in his removal. ID at 16-17. Accordingly, the administrative judge found that the appellant did not show that the agency retaliated against him as alleged. ID at 17.

¶7      Finally, in considering the reasonableness of the penalty, the administrative judge addressed the particular factors set forth by the Board as most relevant in an adverse action resulting from an employee's failure to maintain a condition of employment; namely, the nature of the offense, its effect on the employee's job performance, and the availability and effect of alternative sanctions. *Penland v. Department of the Interior*, 115 M.S.P.R. 474, ¶ 8 (2010); ID at 17. The

administrative judge considered the deciding official's discussion of these factors in his letter of decision, IAF, Tab 5 at 17, 19, 22-23, as well as his hearing testimony, HT I at 238, and concluded that his articulated reasons amply supported the penalty of removal. ID at 17-18. As such, the administrative judge affirmed the agency's action. ID at 1, 18.

¶8    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, the agency has responded in opposition, PFR File, Tab 3, and the appellant has filed a reply. PFR File, Tab 4.

¶9    When a charge consists of an agency's withdrawal or revocation of its certification or other approval of an employee's fitness or other qualifications to hold his position, the Board's authority generally extends to a review of the merits of that withdrawal or revocation. *Adams v. Department of the Army*, 105 M.S.P.R. 50, ¶ 10 (2007), *aff'd*, 273 F. App'x 947 (Fed. Cir. 2008). That review includes whether the job requirement was necessary for the appellant to perform his duties, whether there was a nexus between his loss of certification or approval and the efficiency of the service, and whether the agency's decision to remove him was reasonable. *Id.*, ¶ 19.

¶10   As to whether the appellant's being TQ'd in CRO is a requirement of his position, the administrative judge found that it was in large part based on the appellant's significant military experience that he was hired in 2007 to develop and teach the CRO course, HT I at 78-79 (testimony of CRO Instructor Supervisor); that he was receiving consistent qualifications within the CRO course beginning in 2009 and continuing thereafter, *id.* at 80; that, while his title refers only to pararescue, the title is outdated, his position description states that he will be teaching "PJ/CRO apprentice qualification courses," IAF, Tab 5 at 71, and there is no separate position description for a CRO instructor, HT I at 185-86 (testimony of CRO Instructor Supervisor); and that the appellant had been teaching the CRO course because otherwise the agency would have had no need to remove him from those duties and subject him to remediation. ID at 11.

¶11    On review, the appellant argues that the administrative judge failed to identify any objective evidence to support his findings and offered no discussion "of a credibility determination" regarding the testimony on that topic. PFR File, Tab 1 at 5. On the contrary, the administrative judge considered testimony offered by the agency, as noted above, as well as documentary evidence, specifically, the appellant's core personnel document (position description), to support his finding that being TQ'd in CRO is a condition of the appellant's employment. ID at 11. The appellant argues that, although he and other civilian instructors worked under the same core personnel document, he was the only one who was required to be TQ'd in CRO to keep his job. PFR File, Tab 1 at 5. However, no others were assigned to that particular block of instruction in the CRO course, Ground Force Commander Training. Because the appellant was so assigned, he was required to be TQ'd in that block. HT II at 77 (testimony of Chief Instructor). The appellant has pointed to no contrary testimony on this point, and it therefore raised no credibility issue for the administrative judge to resolve.

¶12    In a related issue, the appellant argues that he was not required to be TQ'd in the particular block of instruction because he was never decertified. PFR File, Tab 1 at 1-3. The administrative judge found that, while apparently no decertification document was entered into the system, the appellant was, for all intents and purposes, decertified because it is undisputed that he was barred from teaching CRO courses in February 2013, and that, by August 2013, he was informed that he was decertified and had to be remediated and TQ'd before he would be allowed to be an instructor. ID at 12-13, 15. The appellant argues on review that the administrative judge based his conclusion that the appellant had been decertified on the implication that the individual who administered the training database was complicit in ensuring that the decertification document was not entered into the database because that individual was reprimanded for manipulating records, after being accused of entering into the system successful

reevaluations of the appellant's subject matter knowledge that supposedly did not truly reflect his performance. PFR File, Tab 1 at 1-3; ID at 12.

¶13　　In support of his claim of error in the administrative judge's findings in this regard, the appellant has submitted what he describes as new and material evidence in the form of an arbitration award involving that individual wherein the arbitrator found no deceptive behavior on his part and mitigated the penalty to an admonishment. PFR File, Tab 1 at 2, 10-18. The proffered evidence is new in that the award was issued after the record closed below. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). However, although the arbitrator found no deceptive behavior on the part of the grievant, PFR File, Tab 1 at 18, he did find that the grievant caused erroneous information to be entered into the appellant's training records. *Id.* at 17. More importantly, though, the administrative judge specifically made his findings in this matter "[n]otwithstanding the issue regarding [that individual]." ID at 12. Therefore, the proffered evidence is not material and we will not consider it. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

¶14　　Finally, the appellant disputes on review the administrative judge's finding that he was afforded sufficient time to prepare for the evaluations. PFR File, Tab 1 at 6-7. The appellant contends, as he did below, IAF, Tab 1 at 6, that he was only afforded 10 days, whereas under the Air Education and Training Command Instruction 36-2202, section 35, he was entitled to 120 days to prepare. IAF, Tab 5 at 89. The administrative judge considered this provision but, relying on the testimony of the Chief of Faculty Development, HT II at 179-80, and the

administrative judge's own reading of the provision, he found that, when the appellant was remediated, he was not an initial instructor or completing an initial TQ and was also not a returning instructor. ID at 12. Rather, he was a current instructor to whom the cited provisions did not apply. Even if we were to consider that another provision might arguably be interpreted to allow the appellant additional time to prepare, he has not shown error in the administrative judge's finding as to the clear reading of section 35. Moreover, the administrative judge found that the appellant was, in fact, afforded substantially more than 10 days to prepare for the evaluations because, although his TQ plan actually began on November 16, 2013, he knew as early as August 23, 2013, that he would be remediated back into the CRO course, and that, at that time, he was provided all the necessary written materials and was relieved of some of his other duties so that he could devote his time to prepare for the evaluation. ID at 13. The administrative judge further found that the appellant had assistance throughout his preparation from the Chief Instructor, the CRO Instructor Supervisor, and a fellow student instructor. ID at 14. The appellant has not challenged these findings on review.[4]

¶15     We conclude, therefore, that the appellant has not shown error in the administrative judge's findings that the agency showed by preponderant evidence that being TQ'd in the CRO course was a requirement of the appellant's position,

---

[4] The administrative judge further found that the appellant was not entitled to a formal PIP because the agency fairly chose to take the performance-based action under 5 U.S.C. chapter 75, not chapter 43. ID at 14-15. The appellant has not challenged this finding on review and specifically acknowledged in his reply to the agency's response that he did not do so, stating that the matter is "irrelevant." PFR File, Tab 4 at 11. Nonetheless, in that reply, the appellant does challenge the administrative judge's finding, positing that *McGillivray v. Federal Emergency Management Agency*, 58 M.S.P.R. 398 (1993), upon which the administrative judge relied, supports his position. PFR File, Tab 4 at 12-13. However, unlike the situation in *McGillivray*, there was no evidence of the appellant's performance standards and no evidence that the agency charged that he should have performed better than the standards in his performance appraisal plan required.

that it provided him a reasonable amount of time to become TQ'd in the particular training block cited, that he failed the certification twice, and that therefore the agency acted reasonably in not recertifying him for his teaching position.[5] *Adams*, 105 M.S.P.R. 50, ¶¶ 10, 19. Accordingly, the initial decision is affirmed.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] The appellant has not challenged on review the administrative judge's finding that he failed to establish his affirmative defense that the agency's action was in retaliation for his having engaged in union activity. We discern no basis upon which to disturb the administrative judge's well-reasoned findings. *Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 8 (2016).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:           /s/ for
                         Jennifer Everling
                         Acting Clerk of the Board

Washington, D.C.